UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CYNTHIA PRICE,

    Plaintiff,    Case No. 3:13-cv-394

vs.

COMMISSIONER OF    District Judge Walter H. Rice
SOCIAL SECURITY,    Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2]  This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's opposition to Plaintiff's Statement of Errors (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively."  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  Citations in this opinion to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

## I.

A.  **Procedural History**

Plaintiff filed for DIB on September 22, 2010 alleging a disability onset date of January 1, 2000.  PageID 228-35.  Plaintiff later amended her alleged onset date to February 28, 2009.  PageID 79.  Plaintiff suffers from a number of impairments including, among others, irritable bowel syndrome ("IBS"), psoriasis, and osteoarthritis.  PageID 60.

After initial denial of her claims, Plaintiff received a hearing before ALJ Jessica Inouye on July 19, 2012.  PageID 75-129.  The ALJ issued a written decision on August 2, 2012, finding Plaintiff not "disabled."  PageID 70.  Specifically, the ALJ's findings were as follows:

1.  The claimant meets the insured status requirements of the Social Security Act through March 31, 2014;

2.  The claimant has not engaged in substantial gainful activity since February 28, 2009, the amended alleged onset date (20 CFR 404.1571 *et seq.*);

3.  The claimant has the following severe impairments: irritable bowel syndrome (IBS); psoriasis; and osteoarthritis (20 CFR 404.1520(c));

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526);

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).[4]  However, the claimant should never be required to climb ladders, ropes, or scaffolds; only occasionally be required to climb ramps or stairs; and only occasionally be required to

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.* § 404.1567(b).  An individual who can perform light work is presumed also able to perform sedentary work.  *Id.*  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  *Id.* § 404.1567(a).

>   stoop, kneel, crouch, and crawl.  She is able to engage in frequent, as opposed to constant, handling and fingering bilaterally.  She should avoid concentrated exposure to hazards and temperature extremes.
>
> 6. The claimant is capable of performing past relevant work as an office clerk and lunch attendant.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from February 28, 2009, through the date of this decision (20 CFR 404.1520(f)).

PageID 60-70.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 45-48.  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

The ALJ set forth a detailed recitation of the underlying medical evidence in this case.  PageID 60-70.  Plaintiff, in her Statement of Errors, also sets forth an extensive summary of the medical evidence.  Doc. 8 at PageID 470-76.  The Commissioner's Memorandum in Opposition offers no objections to Plaintiff's statement of facts.  Doc. 11 at PageID 494-504.  Accordingly, except as otherwise stated in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record.  Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

4

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

Plaintiff argues that the ALJ erred: (A) by incorrectly weighing certain medical source opinions, specifically, the opinions of her treating physicians Polina Sadikov, M.D. and Michael Gorsky, M.D. (and thus in accurately determining her RFC); and (B) in assessing her pain, credibility, and daily activities.

### A. Medical Source Opinions and RFC

Plaintiff first contends that the ALJ erred in determining her RFC by improperly weighing the opinions of two treating physicians: Dr. Sadikov, her primary care physician; and Dr. Gorsky, her gastric specialist. Doc. 8 at PageID 480-82. "[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or

6

from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakely*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds that opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 404.1527(c). In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

An ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her

7

patient is disabled -- is not "give[n] any special significance."  20 C.F.R. § 404.1527; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference."  *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

Here, with regard to both Drs. Sadikov and Gorsky, the Court finds that the ALJ erred by failing to specifically analyze whether their opinions are entitled to controlling weight, *i.e.*, whether such opinions are "supported by medically acceptable clinical and laboratory diagnostic techniques" and whether their opinions are consistent "with the other substantial evidence in [the] case record.'"  *LaRiccia*, 549 F. App'x at 385.  Nowhere does the ALJ mention the concept of "controlling weight."  PageID 67-68.  In addition, the ALJ fails to cite any record evidence or set forth a meaningful analysis as to whether objective evidence supports the treaters' opinions or whether those opinions are consistent with other evidence of record.  *Id*.  The failure to address the controlling weight step of the treating physician analysis amounts to error.  *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *4 (S.D. Ohio Aug. 19, 2014).  The lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation."  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (referring to 20 C.F.R. § 404.1527(c)(2)) (citing *Wilson*, 378 F.3d at 544).

Even assuming, *arguendo*, that the ALJ adequately conducted the controlling-weight test -- which the undersigned concludes she did not -- the undersigned further concludes that the ALJ's RFC determination is not supported by substantial evidence insofar as the ALJ -- despite finding Plaintiff's irritable bowel syndrome to be a severe impairment, *see* PageID 67-68 --

failed to provide good reasons for omitting all limitations arising from Plaintiff's IBS. In this regard, Dr. Sadikov specifically opined that, as a result of chronic diarrhea, Plaintiff was, among other limitations, significantly limited in her ability to regularly attend work, complete a normal workday, or work productively in the workplace. PageID 456-63. However, the ALJ rejected all of Dr. Sadikov's opinion in this regard -- and did not include any of these limitations in her RFC finding -- on the basis that Sadikov inconsistently noted that Plaintiff would miss work twice a month and would also miss work more than three times per month. PageID 68. Such inconsistency, in and of itself, is not a sufficient reason to wholly disregard all limitations found by Dr. Sadikov arising from Plaintiff's IBS. *Cf Austin v. Astrue*, No. C-12-3349 EMC, 2013 WL 1942141, at *5 (N.D. Cal. May 9, 2013) (finding an ALJ's reliance on an insignificant inconsistency to discount the opinion of a treating physician was "misplaced").

The only other reason advanced by the ALJ for disregarding limitations arising from Plaintiff's IBS is "the possibility . . . that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another." PageID 68. This is mere supposition by the ALJ. Such a critique is not a "good reason" for discounting a treating physician's opinion where the possibility of bias is not supported by any specific evidence in the record. *See Hall v. Astrue*, No. 7:07-cv-590, 2008 WL 5455720, at *4 (W.D. Va. Dec. 31, 2008) (stating that "[t]here is simply no basis for an ALJ to reject a treating physician's opinion based on unsupported conjecture of bias"); *see also Hawkins v. Comm'r of Soc. Sec.*, No. SAG-13-3774, 2014 WL 5381852, at *3 (D. Md. Oct. 21, 2014) (holding that an ALJ's statement that "'the possibility always exists that a medical professional may express an opinion in an effort to assist a patient with whom he or she sympathizes,' is not a factor the ALJ should consider unless a particular record contains evidence of actual bias") (internal citation omitted).

9

Based on all of the foregoing, the undersigned concludes that the ALJ failed to conduct a controlling weight analysis with regard to the opinions of Drs. Sadikov and Gorsky, and failed to give good reasons for disregarding all of the limitations found by Dr. Sadikov that arise from Plaintiff's IBS.  Accordingly, the undersigned recommends that the Commissioner's non-disability finding be reversed.

### B. Symptom and Credibility Assessment

Plaintiff also argues that the ALJ erred in assessing her symptoms, finding her only partially credible and stating that her daily activities do not support a disability finding.  "Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929(a); *Buxton*, 246 F.3d at 773; *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994)).  "First, the ALJ will ask whether . . . there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms."  *Id*. (citation omitted).  Second, where, as here, the ALJ determines "that such an impairment exists, then he [or she] must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities."  *Id*. (citations omitted); *see also* SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

Plaintiff challenges the ALJ's conclusion at part two of this analysis.  In considering the second part of the two-part analysis, the ALJ must consider a number of "[r]elevant factors," namely: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) other treatment undertaken to relieve symptoms; (6) other measures taken to relieve symptoms, such as

lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions. 20 C.F.R. § 404.1529(c)(3); *see also Rogers*, 486 F.3d at 247.

With regard to credibility, the ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. A claimant's credibility comes into question when his or her "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence[.]" *Id*. To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record." *Id*. To that end, "the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility'" and such determinations "must find support in the record." *Id*. This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Here, the ALJ found Plaintiff only partially credible with regard to her statements concerning the intensity, persistence, and limiting effects of her symptoms. PageID 63. In making this determination, the ALJ reasonably considered the required factors -- such as Plaintiff's daily activities and treatment history. PageID 63-66. The Court finds that the ALJ's analysis complies with the requirements of 20 C.F.R. § 404.1529(c)(3), and that the ALJ's conclusion regarding the intensity, persistence, and limiting effects of Plaintiff's symptoms, as well as the ALJ's credibility determination, are supported by substantial evidence. "[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]"

11

the Court must give deference to ALJ's decision if it is supported by substantial evidence. *Blakley*, 581 F.3d at 406 (citations omitted).

Nevertheless, given the undersigned's determination that the ALJ failed to properly weigh treating physician opinions and properly assess Plaintiff's limitations arising from her severe IBS impairment, the undersigned finds that, upon remand, the ALJ shall determine Plaintiff's symptoms and credibility anew.

### IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, evidence of disability is not overwhelming. *See* PageID 383-87. Accordingly, the undersigned concludes that remand for further proceedings is proper so that the ALJ can meaningfully explain the weight to be accorded all medical evidence of record and determine anew Plaintiff's disability status.

### V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  January 7, 2015                               *s/ Michael J. Newman*
                                                     Michael J. Newman
                                                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).