IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CYNTHIA PRICE,                                 :

            Plaintiff,                   :   Case No. 3:13cv394

    vs.                                     :   JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,   :

            Defendant.                   :

_____

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY;
DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #16)
OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND
AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S
DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT
ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND
REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT
COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C.
§ 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS; TERMINATION ENTRY

_____

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the

Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

On January 7, 2015, the United States Magistrate Judge filed a Report and Recommendations

(Doc. #13), recommending that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act be reversed, and that the captioned

case be remanded to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C.

§ 405(g), for further administrative proceedings.  Based upon reasoning and citations of authority

set forth in the Magistrate Judge's Report and Recommendations (Doc. #13), as well as upon a

thorough de novo review of the entirety of this Court's file, including the Administrative

Transcript (Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid

Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in

favor of the Plaintiff and against the Defendant Commissioner, concluding that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits

under the Social Security Act was not supported by substantial evidence.  The Defendant's

Objections to said judicial filing (Doc. #16) are overruled.  Accordingly, the decision of the

Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits

under the Social Security Act is reversed and the captioned cause remanded for further

administrative proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if

that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C.

§ 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and

Recommendations, is required to make a de novo review of those recommendations of the report

to which objection is made.  This de novo review, in turn, requires this Court to re-examine all the

relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence."  Lashley v.

Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v.

Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole

function is to determine whether the record as a whole contains substantial evidence to support the

Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security,

-3-

246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.    This Court agrees with the Magistrate Judge that "the ALJ failed to conduct a controlling weight analysis with regard to the opinions of Drs. Sadikov and Gorsky, and failed to give good reasons for disregarding all of the limitations found by Dr. Sadikov that arise from Plaintiff's [irritable bowel syndrome.]"

2.    Given that the Administrative Law Judge failed to properly weigh treating physician opinions and properly assess Plaintiff's limitations arising from her irritable bowel syndrome, upon remand, the Administrative Law Judge shall determine Plaintiff's symptoms, credibility and disability anew, in light of the other requirements imposed on remand, including an explanation of the weight to be given all medical evidence of record.

3.    In this matter, the record on which this Court must rule, including the decision of the Administrative Law Judge, Tr. 11-30, is sufficiently incomplete that this Court cannot conclude that the Defendant's finding of non-disability is supported by substantial evidence. Accordingly, remand for the further development of that record is required.  Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #16) are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further administrative proceedings, to wit: to conduct a controlling weight analysis with regard to the opinions of Dr. Sadikov and Gorsky, to include an explanation of the weight to be given all medical evidence of record, to give reasoning for disregarding all of the limitations found by Dr. Sadikov that arise from Plaintiff's irritable bowel syndrome, and to determine Plaintiff's symptoms, credibility, and disability both anew and in context of the Commissioner's other tasks on remand.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 25, 2015

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record